# 16-1542-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT



DENNIS RAMOS, ED RODRIGUEZ, EDWARD KRALICK, individually and
on behalf of all other persons similarly situated who were employed
by TELGIAN CORPORATION and any other entities affiliated with, controlling,
or controlled by Telgian Corporation,

*Petitioners,*

*v.*

TELGIAN CORPORATION and any other entities affiliated with, controlling,
or controlled by Telgian Corporation,

*Respondent.*

———————————

*On Appeal from the United States District Court
for the Eastern District of New York (Brooklyn)*

## BRIEF IN OPPOSITION AND CROSS-PETITION

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
*Attorneys for Respondent*
1745 Broadway, 22nd Floor
New York, New York 10019
212-492-2500

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1(a) and the Local Rules for the U.S. Court of Appeals for the Second Circuit, Respondent Telgian Corporation hereby states that it does not have any parent corporation or any publicly held corporation owning 10% or more of its shares.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... iii

PRELIMINARY STATEMENT ............................................................1

ADDITIONAL QUESTIONS PRESENTED.........................................2

FACTUAL AND PROCEDURAL BACKGROUND ............................2

ARGUMENT ......................................................................................6

    I.    Petitioners' Petition for Interlocutory Review of the
          District Court's Denial of Their Summary Judgment Motion
          Should Be Denied....................................................................6

          A.    Granting Interlocutory Review Will Not Materially
                Advance the Litigation .................................................6

          B.    There Is No Controlling Question of Law Whether the
                FWW Requires That Petitioners' Hours Worked
                Fluctuated Below 40 Hours in a Week .......................8

          C.    There Is No Controlling Question of Law Whether
                Telgian Was Prohibited from Dividing Petitioners'
                FWW Salary by 40 Hours Rather than the Actual
                Number of Hours They Worked in a Week ...............13

    II.    In the Alternative, Should This Court Grant Petitioners'
          Request for Interlocutory Appellate Review, Then It
          Should Certify Additional Questions of Law to Avoid
          Piecemeal Appeals ...............................................................17

CONCLUSION ..................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abortion Rights Mobilization, Inc. v. Regan*,
  552 F. Supp. 364 (S.D.N.Y. 1982) ....................................................7

*Aiken v. Cty. of Hampton*,
  172 F.3d 43 (4th Cir. 1998) ............................................................10

*Anani v. CVS RX Serv's, Inc.*,
  788 F. Supp. 2d 55 (E.D.N.Y. 2011) ..............................................18

*Ayers v. SGS Control Servs., Inc.*,
  No. 03-CV-9078(RMB),
  2007 WL 3171342 (S.D.N.Y. Oct. 9, 2007).................................15, 16

*Blotzer v. L-3 Commc'ns Corp.*,
  No. CV-11-274-TVC-JGZ,
  2012 WL 6086931 (D. Ariz. Dec. 6, 2012).......................................12

*Condo v. Sysco Corp.*,
  1 F.3d 599 (7th Cir. 1993) .........................................................10, 12

*Costello v. Home Depot USA, Inc.*,
  944 F. Supp. 2d 202 .................................................................11, 12

*In re Duplan Corp.*,
  591 F.2d 139 (2d Cir. 1978) .............................................................7

*Hasan v. GPM Invs., LLC*,
  896 F. Supp 2d. 145 (D. Conn. 2012)............................................11, 12

*Heder v. City of Two Rivers, Wisconsin*,
  295 F.3d 777 (7th Cir. 2002) ...........................................................12

*Hunter v. Sprint Corp.*,
  435 F. Supp. 2d 44 (D.D.C. 2006)....................................................12

*Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*,
  595 F.3d 458 (2d Cir. 2010) ......................................................18, 19

iii

*Mitchell v. Abercrombie & Fitch, Co.*,
428 F. Supp. 2d 725 (S.D. Ohio 2006) ............................................................14

*Oneida Indian Nation v. County of Oneida*,
622 F.2d 624 (2d Cir. 1980) ...............................................................................8

*Overnight Motor Trans. Co., Inc. v. Missel*,
316 U.S. 572 (1942)......................................................................8, 10, 13, 14

*Parks v. Locating, Inc.*,
37 Fed. Appx. 901 (9th Cir. 2002)....................................................................16

*Primavera Familienstifung v. Askin*,
139 F. Supp. 2d 567 (S.D.N.Y. 2001) ..............................................................17

*Readco, Inc. v. Marine Midland Bank*,
81 F.3d 295 (2d Cir. 1996) ...............................................................................18

*Spataro v. Gov't Employers Ins. Co.*,
No. 13-CV-020 (JS) (ARL), 2014 WL 3890222 (E.D.N.Y. 2014)...................11

*Stein v. Guardsmark, LLC*,
No. 12-CV-4739(JPO),
2013 WL 3809463 (S.D.N.Y. Jul. 23, 2013)...........................................8, 10, 11

*Urnikis-Negro v. Am. Family Property Servs.*,
616 F.3d 665 (7th Cir. 2010) .....................................................................10, 12

*Valerio v. Putnam Assocs. Inc.*,
173 F.3d 35 (1st Cir. 1999)...............................................................................14

*Yourman v. Giuliani*,
229 F.3d 124 (2d Cir. 2000) .............................................................................18

**Statutes and Other Authorities**

28 U.S.C. § 1292(b) .........................................................................................1, 8

29 C.F.R. § 778.114 ....................................................................................*passim*

29 C.F.R. § 778.207(b) .......................................................................................16

Fed. R. App. P. 5(b)(2)..........................................................................................1

iv

Fair Labor Standards Act .................................................................13, 14

U.S. Department of Labor Field Operations Handbook § 32b04b(a) ....................15

## PRELIMINARY STATEMENT

Pursuant to Fed. R. App. P. 5(b)(2) and 28 U.S.C. § 1292(b), Respondent-Defendant Telgian Corporation ("Telgian") respectfully submits its Answer in Opposition and Cross-Petition to the Petition of Petitioners-Plaintiffs Dennis Ramos ("Ramos"), Ed Rodriguez ("Rodriguez"), Edward Kralick ("Kralick"), and Daniel Emerson ("Emerson") (collectively, "Petitioners") seeking interlocutory review of the District Court's denial of their summary judgment motion. Petitioners seek the extraordinary relief of interlocutory review to vacate the District Court's well-founded holding that: (1) the fluctuating work week ("FWW") method of compensation does not require that Petitioners' work hours for Telgian fluctuated below 40 hours per week; and (2) the FWW does not prohibit Telgian from dividing Petitioners' FWW salary by 40 hours instead of by the actual number of hours they worked in a week, because Telgian's calculation method always resulted in higher overtime premiums than under the minimum FWW calculation. [A20-23, 28-31.] Although Petitioners attempt to frame their application as "an opportunity to provide standards and clarity" as to the FWW, [Petition at 1], they merely seek to create new law via interlocutory appeal. Yet, the District Court properly followed the controlling regulations as well as highly persuasive authority on these narrow issues to deny Petitioners' summary judgment motion. That decision should not be reviewed on interlocutory appeal.

In the alternative, should this Court agree with Petitioners that interlocutory review is warranted – which it should not do – then Telgian respectfully requests that this Court certify for appellate review the two additional questions of law upon which the District Court denied in part Telgian's summary judgment motion. Such a review would materially advance the litigation and avoid piecemeal appeals.

## ADDITIONAL QUESTIONS PRESENTED[1]

(1)   Whether an employer apportioning part of its employees' salary as holiday, sick, or other leave on employees' paystubs invalidates the employer's use of the FWW method, where the employees always receive at least their agreed-upon salary.

(2)   Whether, as a matter of law, Telgian and Petitioners had a clear mutual understanding that Petitioners were to be paid a fixed salary regardless of the hours worked in a week based upon the parties' executed agreements.

## FACTUAL AND PROCEDURAL BACKGROUND

Telgian employed Petitioners as fire protection inspectors at various times between 2002 and 2014. [A3-4.] At or about the time Petitioners were hired by Telgian, they each received and signed an offer letter and Overtime Compensation Consent Agreement ("Compensation Agreement"), which acknowledged the terms and conditions of their compensation. [A4; *see also* SA49-54.] In pertinent part, the Compensation Agreements explained the parties' mutual understanding that Petitioners "bi-weekly salary represents straight time compensation *for all hours*

---

[1]   For the reasons described herein, Telgian opposes Petitioners' Petition for interlocutory appeal and seeks for this Court to certify these additional questions presented *only if* this Court grants Petitioners' application, which it should not do.

*worked* and will not fluctuate whether I work more or less than 40 hours in a week period."[2]  [SA50-51 (emphasis added).]  The Compensation Agreements also expressly referenced the FWW regulation, and each contained detailed explanations and examples regarding how Petitioners' FWW overtime premiums would be calculated.  [SA49-54.]

As the District Court held, in each of the Compensation Agreements' example FWW calculations, Petitioners' "'Salary' remained the same" regardless of the number of hours worked.  [A5.]  In other words, the Compensation Agreements unambiguously described that Petitioners' "Salary" would remain at the same rate regardless of whether they worked 30, 40, 50 or 60 hours in a week. [SA49-54.]  The Compensation Agreements further detailed that Petitioners would receive a FWW overtime premium at the rate of fifty percent (50%) their regular hourly rate, which is indisputably greater than the minimum FWW premium calculation.  [*Id.*]  As such, Telgian maintained that this case is ripe for summary judgment in its favor because the Compensation Agreements evinced a clear mutual understanding that Petitioners were to be paid under the FWW pay method, the evidence shows that Petitioners were in fact paid in compliance with the FWW, and all of the other FWW factors were met.  [SA1-28.]

---

[2]      Emerson's Compensation Agreement stated "semi-monthly" instead of "bi-weekly." [SA54.]  Kralick's Compensation Agreement did not include the word "bi-weekly."  [SA53.]

On April 28, 2015, following discovery on Petitioners' individual claims, Telgian and Petitioners filed cross-motions for summary judgment. On March 31, 2016, the District Court issued its Memorandum & Order granting in part and denying in part Telgian's summary judgment motion, and denying in full Petitioners' summary judgment motion. [A1-36.] Specifically, the District Court granted Telgian's motion for summary judgment on the following issues: (1) Petitioners' hours of work fluctuated from week to week, [A20-22]; (2) Petitioners' salaries compensated them at least at minimum wage, [A25]; (3) Telgian compensated Petitioners for hours worked over 40 at a rate of 50% of their regular rate, which exceeded the minimum FWW overtime premium calculation, [A28-31]; (4) any alleged violation of law was not willful as a matter of law, [A31-32]; and (5) Petitioners' spread-of-hours claims fail as a matter of law, [A32-35].

The District Court denied Telgian's summary judgment motion for two narrow reasons. First, the District Court *sua sponte*[3] held there was an issue of fact whether Petitioners received their fixed weekly salaries regardless of the number of hours they worked, due to sporadic paystubs where three Petitioners' salaries were detailed as holidays and leave for administrative purposes.[4] [A23-24.] Second, the

---

[3]      Petitioners never raised this argument anywhere in their voluminous summary judgment motion briefs. [District Court Docket Entries 36, 38, 44.]

[4]      Notably, the District Court overlooked that the paystubs of Petitioner Kralick are devoid of this issue, and therefore it should have granted Telgian summary judgment as to Kralick on this issue. [SA10, SA15.] As to the other Petitioners, Telgian strongly maintains that the District Court erred in denying summary judgment on this basis because the documentary record

4

District Court *sua sponte*[5] held that there is a genuine issue of material fact whether Petitioners' Compensation Agreements – coupled with their testimony and other extrinsic evidence – could lead a reasonable jury to conclude that they did not understand that their salaries were intended to, or did, compensate them for all hours worked.[6]  [A24-28.]  Telgian maintains that these holdings were clearly erroneous as a matter of law.

Following the March 31, 2016 Memorandum & Order, Telgian moved for reconsideration of the District Court's denial of its summary judgment motion. [SA1-28.]  Petitioners simultaneously sought leave to file the foregoing interlocutory appeal.  On May 3, 2016, the District Court granted Petitioners' request to file an interlocutory appeal, and terminated Telgian's motion for reconsideration with leave to renew after resolution of Petitioner's interlocutory appeal.[7]  On May 5, 2016, Telgian sought for the Court to reconsider its order granting Petitioners' motion for an interlocutory appeal or, in the alternative, to

_____

unambiguously shows that Telgian was legally permitted to apply credits for sick or vacation leave in 8-hour, full-day increments to ensure that Ramos, Rodriguez, and Emerson each received *at least* their regular weekly salary. [SA10-12; SA15-19.]

[5]    The District Court acknowledged that Petitioners did not raise the argument in their motion papers.  [A25-26 ("*This is not because*, *as Plaintiffs argue*, Defendant's payment method . . . did not satisfy certain of the FWW's requirements, . . . .  *Rather*, this is because a reasonable juror . . . could conclude that Plaintiffs did not believe or understand that their fixed salaries were intended to, or did, in fact, compensate them for every hour that they actually worked.") (emphasis added).]

[6]    In a subsequent order, the District Court further explained that it had found that the Compensation Agreements are ambiguous, and therefore that reference to extrinsic evidence was warranted.  [SA59-60.]

[7]    The District Court's May 3, 2016 Memorandum & Order ("5/3/16 Order") certifying Petitioners' appeal is attached to Petitioners' Petition rather than enclosed with their Appendix.

5

certify for interlocutory appeal the erroneous bases for denying its summary judgment motion. [A43-46.] On June 3, 2016, the District Court denied Telgian's motion for reconsideration of it decision to certify the case for interlocutory appeal, and denied Telgian's request to certify additional questions for interlocutory appeal. [SA55-61.] Given the District Court's erroneous holdings and this case's strained procedural posture, Telgian now has no choice but to oppose Petitioners' Petition for interlocutory review or, in the alternative, seek appellate review of the additional questions presented herein.

## ARGUMENT

**I.  Petitioners' Petition for Interlocutory Review of the District Court's Denial of Their Summary Judgment Motion Should Be Denied**

### A.  Granting Interlocutory Review Will Not Materially Advance the Litigation

The procedural posture of this case does not warrant the extraordinary relief of interlocutory review. Should this Court deny Petitioners' foregoing Petition, then the District Court would next decide Telgian's pending motion for reconsideration denying its cross-motion for summary judgment.[8] If that motion is granted in full, then the case would be dismissed and Petitioners could appeal by right. If Telgian's motion for reconsideration is denied in whole or in part, then the case would simply proceed, and the scope of litigation and discovery would in no

---

[8] On May 3, 2016, the District Court terminated Telgian's motion for reconsideration with leave to renew after resolution of Petitioners' interlocutory appeal. [5/3/16 Order.]

way be affected by the purported unsettled issues of law raised in Petitioners'
application.[9]  Should the case proceed to trial and final judgment, then any party
would have the right to seek an appeal of any legal issue that it or he wishes.

As such, Petitioners do nothing other than seek review of non-controlling
issues via interlocutory appeal.  *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d
Cir. 1978) ("The critical requirement is that it (interlocutory appeal) have the
potential for substantially accelerating the disposition of the litigation.").  For the
reasons described below, *infra* I.B & I.C, Petitioners' attempt to manufacture
controlling differences of opinion are meritless.  Moreover, the mere fact that the
Second Circuit has not issued any rulings regarding the FWW is insufficient
grounds to warrant interlocutory appellate review.  *Abortion Rights Mobilization,
Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982) ("[Interlocutory appellate
review] is not intended as a vehicle to provide early review of difficult rulings in
hard cases.").  Petitioners' application should be denied for these reasons alone.

---

[9]     The District Court disagreed with this argument and held that, "[i]f, on appeal, the Circuit
were to overturn the Court's rulings on the FWW issues that the Court has certified for
interlocutory appeal, the FWW regulation would likely be found inapplicable, a result that would
lead to either a retrial of the entire case or, if Plaintiffs prevailed at the initial trial, at least a
retrial of the damages phase.  This result clearly would be grossly inefficient."   [SA60-61.]
However, this presumes that the bases for Petitioners' interlocutory appeal are well-founded.
For the reasons stated herein, they are not.

**B.     There Is No Controlling Question of Law Whether the FWW Requires That Petitioners' Hours Worked Fluctuated Below 40 Hours in a Week**

Petitioners first seek interlocutory review to create a new rule that the FWW requires that their hours worked must have fluctuated below 40 in a workweek.  As an initial matter, even if this Court were to create such a new rule – which it should not do – such a rule would not be dispositive.  That is because Petitioners admit that "there were times when [they] worked less than 40 hours in a week."  [A21 n.21.]  Petitioners' application therefore amounts to nothing more than a request for an advisory opinion on a supposedly unsettled but non-dispositive issue of law. *Oneida Indian Nation of NY State v. Oneida County*, 622 F.2d 624, 628 (2d Cir. 1980) ("[T]he purpose of section 1292(b) is not to offer advisory opinions rendered on hypotheses which evaporate in the light of full factual development.") (citation and internal quotations omitted).  Interlocutory appellate review should be denied for that reason alone.

Moreover, the District Court properly found that the controlling regulations and case law do not require that Petitioners' hours fluctuated below 40 hours in a week, but rather the law merely requires that their hours fluctuated or varied. [A20-24.]  As the District Court held, 29 C.F.R. § 778.114[10] expressly states that:

---

[10]     Courts regularly afford 29 C.F.R. § 778.114 "a measure of deference" because it codified the controlling Supreme Court decision in *Overnight Motor Trans. Co., Inc. v. Missel*, 316 U.S. 572 (1942).  *See, e.g.*, *Stein v. Guardsmark, LLC*, No. 12-CV-4739(JPO), 2013 WL 3809463, at *2 (S.D.N.Y. Jul. 23, 2013) (citations omitted).

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, *whether few or many*. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, *whatever their number*, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act.

[A21 (quoting 29 C.F.R. § 778.114(a)) (emphasis in original).] Indeed, as the District Court properly reasoned:

> Though the reference to "few or many" reasonably may be interpreted as referring to work hours both below and above a standard workweek, *i.e.*, 40 hours, that reference clearly does not impose, or even suggest, a *requirement* that an employee's hours must vary in both directions in order to come within the FWW rule. This interpretation is confirmed by the next sentence, which discusses a fixed salary that pays for "hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period." Again, the regulation does not specify that the weekly work-hour deviations must be in both directions; the phrase "whatever the number" plainly contemplates that an employee's work hours could be either more or less than the 40-hour or other fixed workweek, or both.

[A21-22 (emphasis in original).] Interlocutory appellate review therefore should be denied because the controlling case law and regulation are unambiguous, and no further clarification is required by this Court.

Moreover, the District Court's holding was consistent with at least one other well-reasoned decision in this Circuit that the FWW requires that Petitioners' work hours must simply "vary, from workweek to workweek" pursuant to the FWW.

[A21 (quoting *Stein*, 2013 WL 3809463, at *3.]  Indeed, other Circuit courts that have addressed this issue have unanimously held that it is "proper to apply section 778.114 [despite the fact] that the plaintiff never worked less than 40 hours in a week."  *Urnikis-Negro v. Am. Family Property Servs.*, 616 F.3d 665, 684 (7th Cir. 2010) (citing *Condo v. Sysco Corp.*, 1 F.3d 599, 602-03 (7th Cir. 1993) ("If . . . the employee's hours fluctuate above but not below forty hours per week, an employer may choose to compensate the employee pursuant to the system that is set forth in § 778.114.")); *see also Aiken v. Cty. of Hampton*, 172 F.3d 43,  1, 4 (4th Cir. 1998) (unpublished table) (FWW lawfully applied to employee who never worked less than 40 or 43 hours in a week).  Notably, the Seventh Circuit based its analysis on the U.S. Supreme Court's controlling decision in *Missel*, 316 U.S. 572:

> the pattern of working excess hours appears . . . to have been present in [*Missel*], where the plaintiff worked an average workweek of 65 hours . . . , [but] the Court had no hesitation in embracing the FWW method of calculating his regular hourly rate of pay.  It was enough, in the Court's view, that Missel's hours varied, despite the evident possibility that they fluctuated only *above* the statutory maximum rather than below it.

*Urnikis-Negro*, 616 F.3d at 684 (emphasis in original).  Petitioners therefore have failed to show that the District Court's holding was contrary to the controlling regulations, controlling Supreme Court precedent, or highly persuasive authority.

As Telgian successfully argued before the District Court in opposition to Petitioners' summary judgment motion, the cases cited by Petitioners are

inapposite and distinguishable – and, in any event, *none* set forth any categorical rule or finding of law as Petitioners strain to argue. For instance, in *Spataro v. Gov't Employers Ins. Co.*, the court stated, in *dicta*,[11] that "the FWW method may be used only where the employee's hours actually fluctuate above and below the normal forty-hour workweek." No. 13-CV-5020 (JS)(ARL), 2014 WL 3890222, at *3 (E.D.N.Y. Aug. 6, 2014). Yet, the *Spataro* court did not provide any reasoning, analysis, or even case law to support its apparent misstatement.

Similarly, in *Costello v. Home Depot USA, Inc.*, the court merely analyzed, again in *dicta*,[12] the policy implications of the FWW by reasoning what the "general spirit" of the FWW is to offset longer hours with guaranteed salary. 944 F. Supp. 2d 199, 208 (D. Conn. 2013). But *Costello* never articulated any rule that the FWW requires employees' hours to vary below 40 hours in a week. For substantially the same reason, Petitioners' reliance on *Hasan v. GPM Invs., LLC* also is misplaced. 896 F. Supp. 2d 145 (D. Conn. 2012).[13] There, the court again

---

[11] In *Spataro*, the court never reached the question of whether the employer lawfully applied the FWW. Instead, the case was before the court on the employer's 12(b)(6) motion, which the Court granted because the plaintiff had failed to allege that he ever worked in excess of 38.5 hours in a week. *Spataro*, 2014 WL 3890222, at *4.

[12] In *Costello*, the employer classified the plaintiffs as exempt from overtime pay under the executive exemption, and as such it paid *no* overtime wage. 944 F. Supp. 2d at 202-03. In explaining why the FWW was inapplicable in calculating damages in that case, the court reasoned that the parties could not have a clear mutual understanding as to whether a fixed salary was intended to cover all hours worked because the employer did not provide any overtime compensation. *Id.* at 207.

[13] Confusingly, Petitioners' brief cites to "*Mian v. GPM Invs., LLC*" when the citation and parenthetical refers to the *Hasan* decision. [Petition at 6.] Telgian presumes that Petitioners intended to cite *Hasan*. Had Petitioners intended to cite to *Mian v. GPM Invs., LLC* 896 F. Supp.

did not express any type of categorical rule, but rather sought, in *dicta*,[14] to distinguish FWW compensation from the compensation at issue in that case – which was straight salary with no premium for hours worked in excess of 40 in a week. Unlike *Costello* and *Hasan*, Petitioners here received the full benefit of their bargain because they always received their guaranteed salary plus additional premiums for hours in excess of 40 hours per week. *Infra* I.C. Moreover, the documentary record shows that Petitioners' hours *did* vary below 40 hours in a workweek, making this a non-dispositive issue of law. The additional cases that Petitioners relegate to a footnote are similarly misplaced.[15] [Petition at 6 n.6.]

---

2d 145, 150 (D. Conn. 2012), that case also is misplaced because, on a motion *in limine*, the employees were classified as exempt and therefore paid no overtime premiums. *Id*. at 149-50. To the extent that the *Mian* court expressed that the plaintiffs' work hours did not contain an "up and down fluctuation," it was a misstated attempt to explain why the FWW did not apply in misclassification cases rather than expressing a categorical rule. *Id*. at 150.

[14] In *Hasan*, the employees were paid a straight salary with no premium for any hours worked in excess of 40 in a week. 896 F. Supp. 2d at 150. Although perhaps unclearly stated, the court nonetheless reasoned that the employees had not bargained for any benefit to long hours because – regardless of the number of hours they worked, whether 52 hours or 100 hours – their pay remained the same. *Id*. at 149 ("When an employer misclassifies an employee, the resultant employment contract will never fulfill any of the requirements of section 778.114.").

[15] In *Heder v. City of Two Rivers, Wisconsin*, 295 F.3d 777 (7th Cir. 2002), the court invalidated the employer's use of the FWW because the plaintiffs were required to work 216 hours in a 27-day period, which is "incompatible with treating the base wage as covering any number of hours at straight time." *Id.* at 780. In addition, *Heder* is no longer the controlling precedent in the Seventh Circuit, which held in *Condo* and *Urnikis-Negro* that it is "proper to apply section 778.114 [despite the fact] that the plaintiff never worked less than 40 hours in a week." *Urnikis-Negro*, 616 F.3d at 684 (citing *Condo*, 1 F.3d at 602-03). In *Blotzer v. L-3 Commc'ns Corp.*, No. CV-11-274-TVC-JGZ, 2012 WL 6086931, (D. Ariz. Dec. 6, 2012), the court merely quoted *Hasan* to hold that the FWW does not apply in a misclassification case because the parties lacked a clear mutual understanding that the employees' salaries covered all hours worked. *Id*. at *12. As such, *Blotzer* is inapplicable for the same reason that *Hasan* does not create any type of categorical rule. Lastly, *Hunter v. Sprint Corp.* is inapposite because there the employee's hours did not vary at all. 453 F. Supp. 2d 44, 62 (D.D.C. 2006) ("[A]ll the

In the end, none of the cases cited by Petitioners establish any controlling or material difference of opinion whatsoever. For these reasons, Petitioners' request for interlocutory review on this issue should be denied.

**C.    There Is No Controlling Question of Law Whether Telgian Was Prohibited from Dividing Petitioners' FWW Salary by 40 Hours Rather than the Actual Number of Hours They Worked in a Week**

Petitioners next seek interlocutory review to create a new rule prohibiting Telgian from dividing Petitioners' FWW salary by 40 hours for administrative convenience, even though Telgian's calculation method always resulted in *higher* overtime premiums than under the minimum FWW premium calculation. Indeed, the controlling regulation expressly states that the FWW "does not prohibit paying more" than the minimum prescribed premiums. 29 C.F.R. § 778.114(c). As such, the District Court properly relied upon the controlling *Missel* decision – which was codified in 29 C.F.R. § 778.114 – and reasoned that:

> [Petitioners'] insistence that Defendant's technical violation of the FWW's is, in itself, sufficient to establish Defendant's liability under the FLSA vaunts form over function, because it ignores the fact that the method used by Defendant to calculate overtime rates, though different than the method required by the FWW rule, actually resulted in Plaintiffs being paid *more than* the overtime rate mandated under the FWW scheme. Indeed, it is undisputed that Defendant's calculated overtime rates resulted in an overpayment to Plaintiffs. This is because dividing a constant—each Plaintiff's fixed weekly salary—by a larger number, *i.e.*, 40 hours plus however many hours each Plaintiff

evidence indicates that [plaintiff's] salary was premised on the expectation of a regular forty-hour workweek.").

13

worked over 40 hours in a given week, will always result in a smaller hourly rate, and therefore overtime rate, than dividing that same constant by a smaller number, *i.e.*, 40 hours. *See Missel*, 316 U.S. at 580 ("[I]f there is a fixed weekly wage regardless of the length of the workweek, the longer the hours the less are the earnings per hour [and therefore the corresponding overtime rate]."). The latter, more generous method is how Defendant calculated Plaintiffs' regular hourly rate.

\* \* \*

To conclude otherwise would lead to the absurd result that employers such as Defendant would incur liability for paying their employees *more than* what the law requires. Such a result runs contrary to the policy Plaintiffs themselves cite as "an inseparable component of the FLSA's overtime requirement," namely, "discourag[ing]" employers from "requiring its workers to work longer hours" by "increasing the cost of labor for hours worked over 40 in a week." (Pl. Reply at 6.) Here, Defendant has increased its cost of labor by compensating its employees for their overtime hours at a higher rate than legally required under the FWW scheme, which is in keeping with the spirit of "workers [being] assured additional pay to compensate them for the burden of a workweek beyond" the 40-hour standard workweek set forth in the FLSA. *See Missel*, 316 U.S. at 577–78.

[A30-31.] This well-founded analysis does not warrant interlocutory review.

Moreover, the District Court's reasoning has been adopted by the First Circuit because Telgian's method "arrive[s] at a *higher hourly rate*" for the premium than the FWW minimum premium. *Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35, 40 n.3 (1st Cir. 1999) (emphasis added); *see also Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725, 734 (S.D. Ohio 2006) (employer's method of calculating regular rate by dividing weekly salary by 40 complied with 29 C.F.R.

14

§ 778.114 because employer's method was more generous to employees than what was required under the FWW), *aff'd*, 225 Fed. Appx. 362 (6th Cir. 2007).

Indeed, Petitioners have failed to cite *any* contrary authority showing a difference of opinion. Rather, they merely point to the 1967 version of the U.S. Department of Labor Field Operations Handbook § 32b04b(a), which they admit "expressly permitted the calculation method utilized by Telgian." [Petition at 17.] In a desperate attempt to create supposed uncertainty, Petitioners argue that the U.S. Department of Labor subsequently removed this language, which is somehow "meaningful." [*Id.*] However, the U.S. Department of Labor has never affirmatively stated Petitioners' position that employers are *prohibited* from paying more than the minimum FWW premiums. That is because the controlling regulation – which was published after the field handbook was amended – expressly states the FWW "does not prohibit paying more" than the minimum prescribed premiums. 29 C.F.R. § 778.114(c). Moreover, Petitioners have failed to cite any case that has agreed that the revision is, in fact, meaningful.

Petitioners' reliance on *Ayers v. SGS Control Servs., Inc.*, No. 03-CV-9077(RMB), 2007 WL 646326 (S.D.N.Y. Feb. 27, 2007), is similarly misplaced and was properly rejected by the District Court. [A25.] In *Ayers*, the plaintiffs received additional base salary that included sea pay and day-off pay. The court reasoned that, "[b]ecause both sea pay and day-off pay are 'lump sum premiums

15

which are paid without regard to the number of hours worked,' they 'are not overtime premiums and must be included in the [§ 207(e)] regular rate.'" *Ayers*, 2007 WL 646326, at *10 (quoting 29 C.F.R. § 778.207(b)).[16] Telgian paid Petitioners their guaranteed salaries *plus* premiums for hours worked over 40 hours in a workweek at rates greater than the minimum FWW calculation. [A30-31.]

Petitioners also cite to *Parks v. Locating, Inc.*, 37 Fed. Appx. 901 (9th Cir. 2002), a cursory and unpublished opinion by the Ninth Circuit. Unlike Telgian, the employer in *Parks* compensated its employees "a straight hourly wage with a guaranteed minimum of pay for 40 hours." *Id.* at 901. As such, the Ninth Circuit found that the employer and employees did not have an agreement or a clear mutual understanding that the employees would be paid a fixed salary. *Id.* ("[E]mployees were paid a straight hourly wage, not a fixed salary covering all hours worked"). Further, the Ninth Circuit reasoned that the employees in *Parks* were not being paid a *premium* for their work in excess of 40 hours, and thus their overtime rate were "no greater" than the rate for the employees' non-overtime hours. *Id.* As such, *Parks* is not analogous or relevant the inquiry herein.

In the end, Petitioners have failed to present any authority to support their position, and thus they merely seek for this Court to create new law out of whole cloth. Petitioners' request for appellate review of this issue should be denied.

---

[16] *Ayers* is distinguishable for other reasons, including that the plaintiffs occasionally received less than minimum wage. *Ayers*, 2007 WL 646326, at *10-11.

**II.     In the Alternative, Should This Court Grant Petitioners' Request for Interlocutory Appellate Review, Then It Should Certify Additional Questions of Law to Avoid Piecemeal Appeals**

If this Court grants Petitioners' application – which it should not do – then it should certify the two (2) additional issues of law upon which the District Court denied Telgian's cross-motion for summary judgment.  To the extent that this Court agrees with Petitioners that this case would benefit from interlocutory "clarity," such clarity should encompass *all* disputed legal issues that underpin the District Court's March 31, 2016 order.  Indeed, should this Court find in Telgian's favor on all disputed legal issues, then it will result in dismissal of the action and the conservation of the parties' and the Court's resources.  *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (interlocutory review warranted if "reversal of the district court's opinion could result in dismissal of the action [or] reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action").

First, this Court is likely to reverse the District Court's holding that the FWW did not prohibit Telgian from sporadically apportioning part of Petitioners' salaries as holiday or other leave on employees' paystubs, because Petitioners always received *at least* their agreed-upon salaries with no deductions.  [SA15-19]. Indeed, this Court has cautioned that the object of a salary basis inquiry is merely "whether the employer's practices reflect an objective intention to pay its

17

employees on a salaried basis." *Yourman v. Giuliani*, 229 F.3d 124, 130 (2d Cir. 2000) (citations and quotations omitted). Further, "the fact that an employer tracked and recorded an employee's [salary] in terms of hours is not dispositive of whether they were paid on a 'salary basis,'" provided that the employer does not make improper deductions. *Anani v. CVS RX Serv's, Inc.*, 788 F. Supp. 2d 55, 63 (E.D.N.Y. 2011), *aff'd* 730 F.3d 146 (2d Cir. 2013). In contrast, the District Court *sua sponte* found a genuine issue of material fact whether Petitioners were paid a fixed weekly salary due to sporadic paystubs where their salaries were detailed as holidays and leave for administrative purposes – which resulted in slightly more base salary in such weeks. [SA15-20.] As such, interlocutory appellate review of this issue is warranted of this difference of opinion over the controlling law.

Second, interlocutory appellate review of the District Court's *sua sponte* holding that the Compensation Agreements are ambiguous would reverse a clear error. The District Court plainly erred by finding that Compensation Agreements are ambiguous and by considering evidence extrinsic to the agreements. [A23-24.] This erroneous holding is ripe for appellate review because contract interpretation is a matter of law, not fact. *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 465-66 (2d Cir. 2010) (citations & quotations omitted) ("An ambiguity exists where the terms of the contract could suggest more than one meaning when viewed objectively.") (citations & quotations omitted); *Readco,*

18

*Inc. v. Marine Midland Bank*, 81 F.3d 295, 299 (2d Cir. 1996) ("[N]o ambiguity exists where the alternative construction would be unreasonable."). The interpretation of Respondents' Compensation Agreements is therefore well within the *de novo* purview of this Court. *Law Debenture Trust Co. of N.Y.,* , 595 F.3d at 468 ("We review *de novo* both the district court's determination of whether a contract is ambiguous . . . and, as to an unambiguous contract, the district court's interpretation of its terms.") (citations omitted)).

Indeed, the District Court acknowledged that the Compensation Agreements unambiguously explain that the Petitioners' salaries covered "*all hours worked*," which should have ended the District Court's analysis. [A26 (emphasis in original).] However, the District Court instead focused upon language in the Compensation Agreements that explained how Petitioners' premium rates would be calculated under the FWW pay method. [A26.] Specifically, the District Court found that the Compensation Agreements "explain that Plaintiffs would be paid at the employee's fixed regular hourly rate (*i.e.*, fixed weekly salary divided by 40) for the first 40 hours that they worked, and then only half that rate for any hours worked over 40." [SA13.] Yet, the District Court plainly erred by taking a single clause out of context to erroneously find a question of fact (not law) whether the parties had a clear mutual understanding that Petitioners' salaries compensated all hours worked. [A16-22.] The District Court's holding failed to consider the

19

Compensation Agreements as a whole and unreasonably read ambiguity into the agreements rather than considering the documents as a whole. [A16-22.] To the extent that this Court certifies the case for interlocutory review, the District Court's plain error should be addressed.

## CONCLUSION

Based on the foregoing reasons, Telgian respectfully requests that this Court: deny Petitioners' Petition seeking interlocutory appellate review of the District Court's March 31, 2016 Memorandum & Order; in the alternative to denying the Petition, certify two additional issues of law for appellate review; and grant such other and further relief as this Court deems appropriate.

Dated: New York, New York       Respectfully submitted,
         June 27, 2016

                                    OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.

                                    By _/s Aaron Warshaw_____
                                       Brian J. Gershengorn
                                       Aaron Warshaw
                                    1745 Broadway, 22nd Floor
                                    New York, New York 10019
                                    (212) 492-2500
                                    brian.gershengorn@ogletreedeakins.com
                                    aaron.warshaw@ogletreedeakins.com

                                    *Attorneys for Respondent-Defendant*
                                    Telgian Corporation

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney of record hereby certifies that, on June 27, 2016, the foregoing Brief in Opposition and Cross-Petition was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record for all parties.

 s/ Aaron Warshaw     
Aaron Warshaw
